## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| GRACE LIEBERMANN | : | |
| | : | |
| | : | |
| v. | : | |
| | : | Civil No. CCB-11-2770 |
| | : | |
| GENESIS HEALTH CARE – | : | |
| FRANKLIN WOODS CENTER | : | |
| | : | |

### <u>MEMORANDUM</u>

Plaintiff Grace Liebermann has sued her former employer, Genesis Health Care –

Franklin Woods Center ("Franklin Woods"), for discrimination on the basis of race, sex, and

religion in violation of Title VII of the Civil Rights Act of 1964.  Now pending is Franklin

Woods's Motion to Dismiss or, in the Alternative, for Summary Judgment.  Franklin Woods

argues dismissal is warranted because Ms. Liebermann has not exhausted the administrative

prerequisites for her sex and race discrimination claims and has failed to establish a basis for her

religious discrimination claim.  The matter has been fully briefed, and no hearing is

necessary.  *See* Local Rule 105.6.  For the reasons that follow, Franklin Woods's Motion to

Dismiss will be granted.

### Factual Background

Franklin Woods Center is a health care facility located in Baltimore, Maryland.  Ms.

Liebermann was hired as a social worker in the Center's short stay unit in August 2010.   (ECF

No. 1-1, p. 2.)   By all accounts, Ms. Liebermann notified Franklin Woods at the time of her

1

interview that she was an Orthodox Jew and would need to leave early on Fridays in order to observe the Sabbath.  According to Ms. Liebermann, she also told her interviewers that she would need to pick up her child from daycare on Fridays.  (ECF No. 1-1, p. 6.)[1]  Franklin Woods managers Julie Ganovski and Brian Pabst approved Ms. Liebermann's request to leave early on Fridays "under the condition that [she] made the time up" and worked 40 hours each week.  (*Id.*)  Ms. Liebermann began working on a full-time basis at the Franklin Woods Center on August 23, 2010.

According to Franklin Woods, concerns about Ms. Liebermann's Friday schedule surfaced right away.  "Over the course of the first seven Fridays of [Ms. Liebermann's] employment, she left Franklin Woods on two occasions at approximately 4:30pm, on two occasions at approximately 3:30pm, and took vacations days for the other three Fridays." (ECF No. 8, p. 3.)  Around October 11, 2010, Ms. Liebermann told her supervisors that she would need to leave earlier because her child's daycare center was beginning to close at 3:30pm on Fridays.  (*Id.*)[2]

Then, on October 29, 2010, Ms. Liebermann sent an email to her supervisors stating that she "need[ed] to leave at 2:00 today as the daycare closes progressively earlier in relation to the start of the Sabbath."  (ECF 1-2, p. 4.)  Ms. Liebermann noted that she would "work late on Monday evenings for the next 5 weeks" and that her "babysitter may need to switch to Wednesday nights thereafter."  (*Id.*)  Mr. Pabst responded to Ms. Liebermann's email as follows:

> I thought the Sabbath begins at sunset, which is at 6:09 p.m. this evening. If you need to leave work four hours ahead of the sunset now, does this mean that starting November 15th through mid-January you will be leaving work on Fridays at 1:00 p.m.? How early, in relation to sunset, does your daycare need to close?

---

[1] For the purposes of a motion to dismiss, the court "assum[es] that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Ms. Liebermann has not disputed this account of her attendance.

(*Id.*)  Ms. Ganovski also replied with a request for clarification as to Ms. Liebermann's Friday

schedule.  (*Id.* at 7.)  Ms. Liebermann clarified that she "need[ed] to leave at 2:30 until time

change[d] in two weeks" and then would "need to leave by 1:30."  (*Id.*)  She explained that she

was "trying to find a babysitter who could pick up [her child]," but had "no luck in that regard

to-date."  (*Id.*)  Ms. Liebermann reaffirmed that she would "make sure to work full 40 hours."

(*Id.*)

On November 5, 2010, Franklin Woods issued Ms. Liebermann a written warning

regarding her performance and attendance.  Ms. Liebermann characterizes this communication as

"a sham letter to justify [her] termination."  (ECF No 1-1, p. 7.)  On November 18, 2010, Ms.

Liebermann was terminated.  (ECF No. 1-3, p. 1.)

Ms. Liebermann filed a formal Charge of Discrimination with the Maryland Commission

on Human Relations on February 3, 2011, in which she identified religion as the basis of

discrimination.  (*Id.*)  The EEOC issued a "Dismissal & Notice of Rights" on June 28, 2011

(ECF No. 1-5), and Ms. Liebermann filed the present action on September 26, 2011 (ECF No. 1).

## Discussion

A.  *Discrimination on the Basis of Race and Sex*

Franklin Woods filed a motion to dismiss all of Ms. Liebermann's claims pursuant

to Federal Rule of Civil Procedure 12(b)(6).  With respect to the race and sex discrimination

claims, however, Franklin Woods asserts that Ms. Liebermann failed to exhaust her

administrative remedies.  Unlike motions to dismiss for failure to state a claim upon which relief

can be granted, "[m]otions to dismiss for failure to exhaust administrative remedies are governed

by Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction."  *Khoury v. Meserve,* 268

F.Supp.2d 600, 606 (D. Md. 2003).  Accordingly, the defendant's motion will be treated as a

3

motion to dismiss for lack of subject matter jurisdiction.  *See* Fed.R.Civ.P. 12(b)(1); *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009) (explaining that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim").

A motion pursuant to Rule 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted).  The plaintiff bears the burden of proving that subject matter jurisdiction exists.  *Id*. When considering a Rule 12(b)(1) motion, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans,* 166 F.3d at 647 (internal quotation marks and citation omitted).

A plaintiff's right to bring suit under Title VII is limited by the charge of discrimination she filed with the EEOC.  *See Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 132 (4th Cir. 2002).  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).  In this case, Ms. Liebermann claims Franklin Woods discriminated against her on the basis of race, sex, and religion, but her EEOC charge identifies religion as the sole basis of the alleged discrimination.  (ECF No. 1-3, p.1.)   This situation is akin to the one considered by the Fourth Circuit in *Bryant v. Bell Atlantic Maryland*. 288 F.3d 124.  There, the plaintiff alleged only race discrimination in his EEOC charge, but brought suit for discrimination based on color, sex, and retaliation in addition to race.  The court

found that it lacked subject matter jurisdiction to consider the color, sex, and retaliation claims

because an "[a]dministrative investigation of retaliation, and color and sex discrimination . . .

could not reasonably be expected to occur in light of Bryant's sole charge of race

discrimination." *Id.* at 132-33.  Similarly, this court lacks subject matter to consider Ms.

Liebermann's claims of sex and race discrimination; an administrative investigation of sex and

race discrimination could not reasonably be expected to follow Ms. Liebermann's charge of

religious discrimination.[3]  Accordingly, the court will grant Franklin Woods's Motion to Dismiss

Ms. Liebermann's race and sex discrimination claims pursuant to Rule 12(b)(1).


B. *Discrimination on the Basis of Religion*

With respect to Ms. Liebermann's remaining claim of religious discrimination, the

Supreme Court has clarified that pleadings need not "contain specific facts establishing

a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp.*

*v. Green,* 411 U.S. 792 (1973), in order to survive a motion to dismiss.  *Swierkiewicz v. Sorema*

*N.A.,* 534 U.S. 506, 508 (2002).  To require otherwise would essentially create a "heightened

pleading standard" under which a plaintiff without direct evidence of discrimination would need

to plead a prima facie case even though she might uncover direct evidence during

discovery.  *Id.* at 511-12.  This would create the "incongruous" result of requiring a plaintiff "to

plead more facts than [s]he may ultimately need to prove to succeed on the merits if direct

evidence of discrimination is discovered."  *Id.*  Furthermore, before discovery, "it may be

---

[3] In the initial EEOC intake questionnaire, Ms. Liebermann appears to have checked both "religion" and "sex" as the bases for her claim of employment discrimination.  (ECF No. 1-1, p.2.)  Subsequently, however, Ms. Liebermann submitted a formal Charge of Discrimination in which she identified only "religion" as the basis of her claim.  (ECF No. 1-3, p. 1.)  In any event, Ms. Liebermann abandoned her race and sex discrimination claims by failing to respond to Franklin Woods's argument, set forth in its Motion to Dismiss, that Ms. Liebermann did not exhaust her administrative remedies.  *See Mentch v. Eastern Sav. Bank, FSB,* 949 F.Supp. 1236, 1247 (D. Md. 1997).  Moreover, Ms. Liebermann set forth no arguments in her opposition memorandum supporting a claim of discrimination on the basis of sex.

difficult to define the precise formulation of the required prima facie case in a particular case." *Id.* at 512; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (explaining that *Swierkiewicz* is consistent with *Twombly*'s facial plausibility standard). Nonetheless, the Fourth Circuit has observed that *Swierkiewicz* did not "remov[e] the burden of a plaintiff to allege facts sufficient to state all the elements of her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002).

Bearing in mind the liberal pleading standard set forth in *Swierkiewicz* and Ms. Liebermann's pro se status, the court observes that a plaintiff seeking to make a prima facie claim of religious discrimination must establish: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008) (quoting *Chalmers v. Tulon Co. of Richmond,* 101 F.3d 1012, 1019 (4th Cir. 1996)).[4]  Franklin Woods argues that Ms. Liebermann has failed to state a claim upon which relief can be granted because her need to leave as early as 1:30 pm on Fridays was due to her childcare considerations, not her religious observation.  The court agrees.

A series of emails between Ms. Liebermann and her supervisors at Franklin Woods demonstrates that childcare was the reason Ms. Liebermann provided for her need to leave as early as 1:30 p.m. on Fridays.  Ms. Liebermann stated that she needed to leave earlier than previously scheduled because the "daycare closes progressively earlier in relation to the start of the Sabbath."  (ECF 1-2, p. 4.)  She said she would need to leave by 1:30 p.m. after the time

---

[4] "A document filed *pro se* is to be liberally construed,  . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

changed because she "had no luck" in "find[ing] a babysitter who could pick [her child] up."
(*Id.* at 7.)

In order to prevail on a claim of religious discrimination, Ms. Liebermann must show that "she has a bona fide religious belief *that conflicts with an employment requirement*."  *Firestone Fibers*, 515 F.3d at 312 (emphasis added).  The court does not doubt the authenticity of Ms. Liebermann's religious beliefs, but Ms. Liebermann has shown no evidence that her religious belief or observance conflicts with her employment requirement.  Rather, the record shows that Ms. Liebermann's childcare limitations conflict with her employment requirement.  There is no evidence in the record that Franklin Woods refused to let Ms. Liebermann leave work in time for sundown or fired her for doing so.  Ms. Liebermann sought to leave her job hours before the sundown on the Sabbath, and she stated herself that childcare was the reason for her early departure.  Thus, while Ms. Liebermann's predicament is sympathetic, it is not cognizable as a claim for religious discrimination.

The court agrees with Franklin Woods that this case is akin to *Dachman v. Shalala*, 46 F.Supp.2d 419 (D. Md. 1999),  in which the plaintiff charged that her employer's refusal to let her leave more than two hours before sundown constituted religious discrimination.  The plaintiff contended that leaving work two hours before sundown was insufficient because it did not leave her time to purchase Challah bread for her family.  *Id.* at 432.  The court found that the employer's policy did not conflict with the plaintiff's observance of the Sabbath because getting Challah bread at a specific time from a specific store was not part of her religious observance.  The court also rejected the plaintiff's challenge to the two-hour limitation on the grounds "that it did not give her enough time to bath[e] her children."  *Id.* at 439.  Other courts also have concluded that "any requested accommodation incidental to a religious observance, practice, or

belief and not otherwise dictated by the employee's religion is more properly considered a personal preference." *Jiglov v. Hotel Peabody, G.P.*, 719 F. Supp. 2d 918, 929 (W.D. Tenn. 2010). Ms. Liebermann has not argued or established that picking up her daughter from daycare is a religious mandate. To the contrary, she stated that she was looking for a babysitter to pick up her daughter and that her need to leave work early in the meantime was related to her inability to find a babysitter.

In her opposition to Franklin Woods's motion to dismiss, Ms. Liebermann argues that childcare had nothing to do with her termination, and "[a]lternative childcare arrangements were only a plea made by the Plaintiff in order to prevent her foreseen wrongful termination." (ECF No. 12, p. 2.) To the extent Ms. Liebermann means that she told her supervisors she had childcare obligations when her real reasons for wanting to leave early were religious in nature, the court need not consider this argument. The court's role in a Title VII analysis is to determine whether the employer discriminated against the employee based on the knowledge it possessed. *See, e.g. Cary v. Carmichael*, 908 F.Supp. 1334, 1344 (E.D. Va. 1995), *aff'd sub nom. Cary v. Anheuser-Busch, Inc.*, 116 F.3d 472 (4th Cir. 1997) ("If an employer has not been given adequate notice of an employee's religious conflict, then *ipso facto* the religious animus that the statute was designed to prevent cannot have existed."). If Ms. Liebermann told her employers that she needed to leave early to attend to her childcare obligations, they were entitled to act on that understanding, and the resulting employment action cannot be said to have a discriminatory motive. Moreover, setting aside Ms. Liebermann's professed childcare limitations, she has provided no religious reason why she needed to leave so many hours before sundown.

Finally, Ms. Liebermann appears to make a claim related to Mr. Pabst's alleged obligation to repay her for certain expenses. (ECF No. 1, p.4; ECF No. 12-3.) This claim

appears to be wholly unrelated to the charge of discrimination.  Moreover, the claim is not supported by a complaint.  Federal Rule of Civil Procedure 3 provides that "[a]n action is commenced in federal court by the filing with the court of a complaint."  Without a complaint, the court has no jurisdiction to consider Ms. Liebermann's grievance.  *See, e.g, Cook v. U.S. Sec. & Exch. Comm'n*, 664 F. Supp. 2d 997, 998 (D. Minn. 2009) (denying motion where a complaint had not been filed because the "Federal Rules of Civil Procedure restrict original jurisdiction in a district court to a single form of action that is commenced by filing a complaint.  *See* Rules 2, 3, 8 and 10. Rule 3 provides that a civil action is commenced only by filing a complaint with the court.").

For all the above reasons, Franklin Woods's Motion to Dismiss will be granted.  A separate Order follows.

June 20, 2012                              _____/s/_____ _____
Date                                                 Catherine C. Blake
                                                        United States District Judge